IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY E. JALOWIEC | ) | CASE NO.  1:03CV0645 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Respondent. | ) | |

This matter is before the Court upon the Motion of Petitioner Stanley E. Jalowiec ("Jalowiec") for Relief Pursuant to Federal Civil Rule of Procedure 60(b). (ECF 203). His Petition for Writ of Habeas Corpus was denied on February 1, 2008. (ECF 196).  Jalowiec's appeal, filed on February 28, 2008, is pending in the Sixth Circuit Court of Appeals.

Generally, a district court has no jurisdiction to consider a Rule 60(b) motion while an appeal is pending. *Post v. Bradshaw*, 422 F.3d 419, 421 (6th Cir. 2005), *cert. denied*, 547 U.S. 1042 (2006). However, the district court has the authority to review the Rule 60(b) motion during the pendency of the appeal for the sole purpose of determining whether it would be inclined to grant it. *Id*. at 422. Pursuant to Sixth Circuit procedure, if the court indicates that it will grant the motion, the appellant then moves the court of appeals for remand in order for the district court to do so. *Id*.; *Akemon v.*

*Brunsman*, 2008 WL 1766707 * 2 (S.D. Ohio Apr. 17, 2008). Therefore, in accordance with this procedure, the Court will consider the Rule 60(b) motion.

A Rule 60(b) motion may constitute a second or successive petition thereby precluding its consideration. 28 U.S.C. § 2244(b); *Post*, 422 F.3d at 424. In *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005), the United States Supreme Court ruled that a Rule 60(b) motion is not to be treated as a second or successive petition "if it does not assert, or reassert, claims of error in the movant's state conviction." It is second or successive when it "seeks vindication of" or "advances one or more claims." *Id*. at 531-32. However, if the Rule 60(b) motion challenges some defect in the integrity of the federal habeas preceding and not the substance of the court's resolution of the claim on the merits, it cannot be considered second or successive. *Id*. at 532; *United States v. Carter*, 500 F.3d 486, 489 (6th Cir. 2007); *Akemon*, 2008 WL 1766707 at * 3.

Jalowiec bases his Motion on Rule 60(b)(6), a catchall provision which provides for relief for any "other reason that justifies relief." Subsection (b)(6) applies only when something more than one of the grounds contained in the first five subsections is submitted, such as unusual and extreme situations where principles of equity require relief. *Stokes v. Williams*, 475 F.3d 732, 735 (6th Cir. 2007).

Jalowiec argues that he should obtain relief from judgment because of evidence recently disclosed by Respondent, which evidence should have been disclosed pursuant to the Court's Discovery Order and which indicates a substantial likelihood that additional evidence exists. After receiving discovery in accordance with the Court's Order, Jalowiec filed a second Motion for Discovery which the Court denied. On February 9, 2009, Respondent mailed new evidence that fell within the scope of the Court's Discovery Order. Although Respondent was aware of this evidence

within a year of the Court's denial of the Petition, it was not disclosed to Jalowiec until more than one year had passed. The new evidence consists of a copy of the 911 recording that revealed the discovery of the victim and other items that were either already part of the record or not otherwise material to his case. Jalowiec contends that Respondent's agents made repeated sworn assertions that no other undisclosed evidence existed during active litigation before this Court. He allegedly vigorously challenged this assertion to no avail. Jalowiec now argues that since the newly produced evidence has been shown to exist, it is evident that other undisclosed recordings and documents relating to his *Brady* claim also exist. Based on an incomplete record, the Court denied a Certificate of Appealability on all claims while the Sixth Circuit granted it on the *Brady* claims. Respondent's incomplete compliance with discovery allegedly undercut the Court's final entry as well as the record available for appellate review. Thus, he contends, the Court must grant Rule 60(b) relief and oversee efforts designed to uncover the other missing tapes of prosecution witnesses whose testimony is at issue before the Sixth Circuit. Jalowiec admits that the newly discovered evidence does not contain facts material to this Court's final adjudication.

In *Post*, petitioner attempted to advance, through new discovery, claims that the district court had considered and dismissed on the merits. The Sixth Circuit ruled that the motion was a successive or second petition. It held that it made no difference that the motion itself did not attack the district court's substantive analysis of the claims, but instead, intended to raise defects in the integrity of the habeas proceeding, i.e., his counsel's failure, after obtaining leave to pursue discovery, to actually undertake that discovery. *Id*. 422 F.3d at 424. The motion was held to be seeking vindication of or advancing a claim by taking steps that inevitably would lead to an attack on the prior dismissal of the habeas petition.

The present case is distinguishable from *Post*. Jalowiec is not attacking the merits of a claim. He is not asserting or reasserting claims of error in his state conviction. His motion concerns the integrity of the federal habeas preceding because of the Respondent's alleged failure to produce documents. Therefore, the Court concludes that the Rule 60(b) Motion does not constitute a second or successive petition.

Upon examination of Jalowiec's argument, the Court concludes that it is not inclined to grant the Rule 60(b) Motion. It appears that the Respondent complied with the Court's Discovery Order. The recently discovered items consist of exhibits presented at trial and the 911 tape recording of the telephone call reporting the discovery of the victim. Jalowiec admits that this new evidence is not material. The fact that this evidence, immaterial to any previous or new claim, has been found does not indicate that it is likely that the Elyria police have more relevant evidence hidden somewhere. Furthermore, there is no indication that the recently found evidence was deliberately withheld. In fact, Respondent's counsel took appropriate action to provide this information to Jalowiec's counsel.

Accordingly, the Court is not inclined to grant Jalowiec's Motion for Relief Pursuant to Federal Civil Rule of Procedure 60(b). (ECF 203). If the Court had jurisdiction to rule on this Motion, it would be denied.

IT IS SO ORDERED.

        s/ Donald C. Nugent
        JUDGE DONALD C. NUGENT
        UNITED STATES DISTRICT JUDGE

DATE: April 20, 2009