IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STANLEY E. JALOWIEC ) | CASE NO. 1:03CV0645 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE DONALD C. NUGENT |
| v. ) | |
| ) | |
| MARGARET BRADSHAW, WARDEN, ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
| Respondent. ) | |

Petitioner Stanley E. Jalowiec's (Jalowiec") Petition for Writ of Habeas Corpus was denied on February 1, 2008. (ECF 196). His Appeal, filed on February 28, 2008, is pending in the Sixth Circuit Court of Appeals. (ECF 197). On April 20, 2009, this Court declined to grant Jalowiec's Motion for Relief From Judgment Pursuant to Rule 60(b)(6). (ECF 206). He then filed a Notice of Appeal. (ECF 207). This matter is now before the Court upon his Request for Certificate of Appealability ("COA") in Connection With the Denial of Jalowiec's Fed. R. Civ. Pro. 60(b) Motion. (ECF 209).

28 U.S.C. § 2253(c)(1) provides:

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from-
(A) the final order in a habeas corpus proceeding in which the detention

complained of arises out of the process issued by a State court.

Although Jalowiec has requested a COA, he believes that it is not needed because his Rule 60(b) Motion focused on the improprieties during the habeas corpus litigation before this Court. In *Harbison v. Bell*, _U.S._, 129 S. Ct. 1481, 1485 (2009), a recent United States Supreme Court case, the Court held that Section 2253(c)(1)(A) governs final orders that dispose of the merits of a habeas corpus proceeding. Since *Harbison* involved an order that merely denied a motion to enlarge the authority of appointed counsel, a ruling not on the merits, a COA was not required. Rule 60(b) was not an issue. If *Harbison* applies to Jalowiec's case, he would not need a COA.

In the event that the Sixth Circuit finds that Jalowiec should obtain a COA, this Court makes the following determination. The Sixth Circuit requires a petitioner appealing from the denial of a Rule 60(b) motion to obtain a certificate of appealability. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). In *Henley v. Bell*, 2009 WL 230574 (M.D. Tenn. Jan. 29, 2009), the court held that a certificate of appealability was required for an appeal of the denial of a Rule 60(b) motion that argued that a fraud had been committed upon the court during the habeas proceeding because the prosecution did not reveal that it had made a deal with the co-defendant.

The Sixth Circuit determined in *Slack v. McDaniel*, 529 U.S. 473 (2000) that:

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further."

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). *See McCray v. Vasbinder*, 2008 WL 2695817 *1 (E.D. Mich. Jul. 2, 2008).

      In denying the Rule 60(b) Motion this Court stated:

> It appears that the Respondent complied with the Court's Discovery Order. The recently discovered items consist of exhibits presented at trial and the 911 tape recording of the telephone call reporting the discovery of the victim. Jalowiec admits that this new evidence is not material. The fact that this evidence, immaterial to any previous or new claim, has been found does not indicate that it is likely that the Elyria police have more relevant evidence hidden somewhere. Furthermore, there is no indication that the recently found evidence was deliberately withheld. In fact, Respondent's counsel took appropriate action to provide this information to Jalowiec's counsel.

The same reasoning applies to this request for COA. The Court concludes that jurists of reason would not debate its determination that there is no indication that other undisclosed evidence exists. It would serve no purpose to reinstate this case to allow a search for other evidence where there is no reason to believe that evidence was deliberately withheld. The recently discovered duplicative items sent to Jalowiec's counsel show that there was no intent to deceive.

      Accordingly, the Request for Certificate of Appealability in Connection With the Denial of Jalowiec's Fed. R. Civ. Pro. 60(b) Motion is denied. (ECF 209).

      IT IS SO ORDERED.


Date: June 3, 2009.                                 s/ Donald C. Nugent
                                                         JUDGE DONALD C. NUGENT
                                                         UNITED STATES DISTRICT JUDGE