IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY E. JALOWIEC | ) | CASE NO.  1:03CV0645 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| MARGARET BRADSHAW, WARDEN, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Respondent. | ) | |

This matter is before the Court pursuant to the Sixth Circuit's instructions to rule on the Petitioner's Rule 60(b) Motion (ECF 203), and to determine whether he is entitled to a certificate of appealability ("COA").

**Rule 60(b)**

Petitioner argues that he should obtain relief from judgment because of evidence recently disclosed by Respondent, which evidence should have been disclosed pursuant to the Court's Discovery Order and which indicates a substantial likelihood that additional evidence exists. After receiving discovery in accordance with the Court's Order, Petitioner filed a second Motion for Discovery which the Court denied. On February 9, 2009, Respondent mailed new evidence that fell within the scope of the Court's Discovery Order. Although Respondent was aware of this evidence

within a year of the Court's denial of the Petition, it was not disclosed to Petitioner until more than one year had passed. The new evidence consists of a copy of the 911 recording that revealed the discovery of the victim and other items that were either already part of the record or not otherwise material to his case. Petitioner contends that Respondent's agents made repeated sworn assertions that no other undisclosed evidence existed during active litigation before this Court. He allegedly vigorously challenged this assertion to no avail. Petitioner now argues that since the newly produced evidence has been shown to exist, it is evident that other undisclosed recordings and documents relating to his *Brady* claim also exist.  Based on an incomplete record, the Court denied a Certificate of Appealability on all claims while the Sixth Circuit granted it on the *Brady* claims. Respondent's incomplete compliance with discovery allegedly undercut the Court's final entry as well as the record available for appellate review. Thus, he contends, the Court must grant Rule 60(b) relief and oversee efforts designed to uncover the other missing tapes of prosecution witnesses whose testimony is at issue before the Sixth Circuit. Petitioner admits that the newly discovered evidence does not contain facts material to this Court's final adjudication.

The Court concludes that Petitioner is not entitled to relief from judgment. It appears that the Respondent complied with the Court's Discovery Order. The recently discovered items consist of exhibits presented at trial and the 911 tape recording of the telephone call reporting the discovery of the victim. Jalowiec admits that this new evidence is not material. The fact that this evidence, immaterial to any previous or new claim, has been found does not indicate that it is likely that the Elyria police have more relevant evidence hidden somewhere. Furthermore, there is no indication that the recently found evidence was deliberately withheld. In fact, Respondent's counsel took appropriate action to provide this information to Jalowiec's counsel.

## COA

The Sixth Circuit requires a petitioner appealing from the denial of a Rule 60(b) motion to obtain a certificate of appealability. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007).

The Sixth Circuit determined in *Slack v. McDaniel*, 529 U.S. 473 (2000) that:

> [t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further."

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). *See McCray v. Vasbinder,* 2008 WL 2695817 *1 (E.D. Mich. Jul. 2, 2008).

As previouslystated:

> It appears that the Respondent complied with the Court's Discovery Order. The recently discovered items consist of exhibits presented at trial and the 911 tape recording of the telephone call reporting the discovery of the victim. Petitioner admits that this new evidence is not material. The fact that this evidence, immaterial to any previous or new claim, has been found does not indicate that it is likely that the Elyria police have more relevant evidence hidden somewhere. Furthermore, there is no indication that the recently found evidence was deliberately withheld. In fact, Respondent's counsel took appropriate action to provide this information to Petitioner's counsel.

The same reasoning applies to this request for COA. The Court concludes that jurists of reason would not debate its determination that there is no indication that other undisclosed evidence exists. It would serve no purpose to reinstate this case to allow a search for other evidence where there is no reason to believe that evidence was deliberately withheld. The recently discovered duplicative items sent to Petitioner's counsel show that there was no intent to deceive.

## Conclusion

Accordingly, Petitioner's Rule 60(b) Motion (ECF 203) is denied. The Court finds that Petitioner is not entitled to a COA.

IT IS SO ORDERED**.**

Date: June 12, 2009.                                         s/ Donald C. Nugent

                                                           JUDGE DONALD C. NUGENT
                                                           UNITED STATES DISTRICT JUDGE